**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LAND GRANTORS IN HENDERSON, UNION and WEBSTER COUNTIES, KENTUCKY and THEIR HEIRS, | ) | |
| Claimants, | ) | |
| v. | ) | No. 93-648-1L |
| | ) | Judge Susan G. Braden |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE RECORD**

Defendant, the United States of America, moves to dismiss Count I, titled "Mutual Mistake Claim for Restitution," of Claimants' Second Amended Complaint, pursuant to Rule 12(c) of the Rules of the Court of Federal Claims. In the alternative, the United States requests that the Court enter judgment against Claimants with respect to Count I based on the trial record developed in Land Grantors v. United States, No. 93-648X (Fed. Cl.). This motion is made in accordance with the Court's Third Interim Report, Memorandum Opinion, and Order, which permitted the United States to file "a Motion to Dismiss in Case No. 93-648L and any other dispositive motions on the merits no later than October 1, 2007." Land Grantors v. United States, 77 Fed. Cl. 686, 687 (2007) ("Land Grantors V").

The Court's February 28, 2007 Order (Docket No. 225) created "Case No. 93-648-1L," which is denoted as "Case No. 1:93-cv-06481-SGB" on the Court's PACER webpage. In Land Grantors V, the Court permitted the United States to file this brief in "Case No. 93-648L." The United States understands all of these references to denote the same case, specifically a case with

a single Tucker Act claim – identified as Count I of the Second Amended Complaint. All other counts, which the government understands are asserted under 28 U.S.C. sections 1492 and 2509, are pending in Land Grantors v. United States, No. 93-648X.[1] Accordingly, this motion is focused on Count I of the Second Amended Complaint.

In Count I, Claimants allege that the former landowners and the United States were "mutually mistaken about the material and fundamental assumption that no coal, gas, oil, or other mineral deposits existed under the condemned properties that would support exploration or operations at the time of sale." Second Am. Compl. ¶ 37. Claimants further allege that "[b]ecause of the mutual mistake for which the United States bore the risk of loss, the contracts and agreements by which the United States acquired the properties are void." Id. ¶ 39. Claimants' allegations are substantively identical to the preliminary conclusions made by the Court following trial in the Congressional Reference case. See Land Grantors v. United States, 64 Fed. Cl. 661, 703-07 (2005).

The Court lacks jurisdiction over Count I for three independent reasons. First, notwithstanding the Court's *sua sponte* creation of a new docket number, this is a Congressional Reference matter, not a Tucker Act claim. The Court, therefore, has jurisdiction only to issue a final report in accordance with 28 U.S.C. section 2509, not to enter final judgment under 28 U.S.C. section 1491. See Memorandum § III(A).

Second, the vast majority of Claimants are not in privity with the United States since most Claimants are heirs of former landowners, not former landowners themselves. In addition,

---

[1] Although the Court's February 28, 2007 Order was entered in "Case No. 93-648-1X," the United States understands that the correct case number for the Congressional Reference matter is "Case No. 93-648X."

most of the former landowners did not own the unencumbered mineral rights underlying these properties. These Claimants lack standing to pursue a Tucker Act claim related to minerals, and any claims raised by these individuals must be dismissed for lack of jurisdiction. See id. § III(B).

Third, the Court lacks jurisdiction to consider Count I because it is barred by the six-year statute of limitations, 28 U.S.C. section 2501. See id. § III(C).

For similar reasons, the Court should find that Count I is barred by the doctrine of laches. See id. § III(D).

In addition to dismissing Count I on jurisdictional grounds under the standard set forth in Rule 12(b)(1) of the Court of Federal Claims, the Court should also dismiss Count I because it fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). See id. § III(E).

In the alternative, the United States moves for judgment on Count I based on the trial record developed in Land Grantors v. United States, No. 93-648X (Fed. Cl.). In making this argument, the United States does not concede that Claimants could allege a Tucker Act claim at this late date, and no waiver or abandonment of those arguments is intended. Based on the Court's prior decisions, however, the United States understands that the Court intends to proceed as if Claimants had raised a claim of mutual mistake in their initial complaint. The United States also understands that the Court intends to evaluate Count I under the record generated during the Congressional Reference trial. The United States neither concedes to, nor endorses, this approach. As discussed in the accompanying memorandum, however, the record generated during the Congressional Reference trial does not support liability for a claim of mutual mistake.

See Memorandum § III(F). If the Court decides to exercise jurisdiction over this Tucker Act claim, then the Court should enter judgment in favor of the United States pursuant to Rule 58 of the Rules of the Court of Federal Claims.

Last, if the Court determines that Claimants have stated a timely claim of mutual mistake, the Court should conclude that Claimants failed to prove any damages caused by that alleged mutual mistake. Accordingly, the Court should reject Count I for failure of proof of damages. See id. § III(G).

A memorandum supporting this motion is filed separately.

Respectfully submitted this 1st day of October, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

_/s/ William J. Shapiro____________
WILLIAM SHAPIRO
United States Department of Justice
Environment and Natural Resources Division
501 I Street
Suite 9-700
Sacramento, CA 95814
(916) 930-2207 (phone)
(916) 930-2210 (fax)

TOM C. CLARK II
Principal Deputy Section Chief
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street, NW
Room 3152
Washington, DC 20530
(202) 514-3553 (phone)
(202) 305-0506 (fax)

Attorneys for the United States

Of Counsel:
Dale Holmes
Stephen J. Allison
U.S. Army Corps of Engineers
600 Dr. Martin Luther King Place
Louisville, KY 40202

Martin Cohen
U.S. Army Corps of Engineers
20 Massachusetts Ave., N.W.
Washington, DC 20314-1000